IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00203-WDM-CBS

STEVIE (ARTHUR) MILLS,
    Plaintiff,
v.

MAJOR CONNORS, in her official and individual capacities as a Denver Deputy Sheriff,
SGT. SHANNON, in his official and individual capacities [sic], as a Denver Duputy [sic] Sheriff,
DEPUTY ESPINOSA, in her official and individual capacities [sic], as a Denver Duputy [sic] Sheriff,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

Magistrate Judge Craig B. Shaffer

    This matter comes before the court on "Defendants' Motion for Summary Judgment" (filed August 7, 2007) (doc. # 30), and Plaintiff's "Motion for Summary Judgment" (filed August 8, 2007) (doc. #32). Pursuant to the Orders of Reference (docs. #31 and #33), the Motions were referred to the Magistrate Judge. The Court has reviewed the Motions, "Plaintiff's Response to Defendents [sic] Motions for Summary Judgment" (filed October 16, 2007) (doc. #48), "Defendants' Reply Brief in Support of Motion for Summary Judgment" (filed October 31, 2007) (doc. # 53), the pleadings, and the applicable law and is sufficiently advised in the premises.

**I.  Background**

    Mr. Mills is currently incarcerated at Fremont Correctional Facility in Canon City, Colorado. (*See* Change of Address (doc. #39).) Proceeding *pro se*, Mr. Mills brought this action

pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging violations of his constitutional rights, in the form of denial of access to the courts. (*See* Prisoner Complaint (doc. #3).) Mr. Mills asserts that while he was in custody at the Denver County Jail, he was due to appear on November 13, 2006 at the Denver County Courthouse on an unrelated matter in which he had posted bond. (*Id.* at 4.) Mr. Mills asserts that he was transported to Denver County Courthouse at his request on November 13, 2006, although his name was absent from the court list at the jail. (*Id.*) Mr. Mills alleges that at the Denver County Courthouse, he repeatedly told Deputy Espinoza of his scheduled appearance, produced the mittimus evidencing his court date, and described the consequences of a Failure to Appear ("FTA"), but that Deputy Espinoza failed to provide him access to the court, and that he was consequently charged with a FTA. (*Id.*)

Mr. Mills alleges that he repeated his situation to Sergeant Shannon, who briefly left, and returned claiming that he had spoken with Judge Habas, presiding in the courtroom in which Mr. Mills was due to appear. (*Id.* at 5.) Mr. Mills alleges that Sergeant Shannon reported that Judge Habas would not charge Mr. Mills with an FTA, but would place Mr. Mills on the docket for the following day. (*Id.*) Mr. Mills alleges that he was informed that evening at the Denver County Jail that a FTA appeared on his record, and claims that he was "hoodwinked" by Sergeant Shannon, who abused his authority in failing to provide Mr. Mills access to the courts. (*Id.*)

Mr. Mills asserts that he sought and exhausted administrative relief, which failed to correct his asserted injuries. (*Id.* at 6-7.) He alleges that Major Connors violated his constitutional rights by failing to exercise prudence in investigating his claims asserted in the aforementioned administrative procedure. (*Id.*) Mr. Mills seeks compensatory, non-pecuniary and punitive damages, fees and costs for the present action, and expungement of the Failure to Appear in the

Denver state court case 06-cr-4804. (*Id.* at 15.)

The Defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56 and D.C.COLO.LCivR 56.1. (Defendants' Motion for Summary Judgment (doc. #30)). The Defendants present three arguments in support of their motion: (1) that Deputy Espinoza and Sergeant Shannon enjoy absolute immunity from this suit; (2) that the Plaintiff has failed to state a claim for which relief may be granted against Major Connors; and (3) that Plaintiff did not exhaust the Denver County Jail's grievance procedure. (*See id.*) The Plaintiff has also moved for summary judgment, but has not submitted any additional evidence in support of his motion or in response to the Defendants' motion. (Motion for Summary Judgment (doc. #32).)

## II.     Standard of Review

Summary judgment is proper if the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Whitesel v. Sengenberger* 222 F.3d 861, 867 (10th Cir. 2000) (citing *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1197 (10th Cir. 2000)). "The moving party does not have to negate the nonmovant's claims in order to obtain summary judgment." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Rather, the moving party bears the initial burden of "pointing out to the district court[]that there is an absence of evidence to support the nonmoving party's case," in response to which the non-movant "must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (internal citations

omitted). The court will construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**III.     Absolute Quasi-Judicial Immunity from Suit for Monetary Damages**

Judges enjoy absolute immunity from civil liability for judicial acts, unless such action is in clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). The Supreme Court advanced a definition for judicial immunity based on the "functions it protects and serves," rather than based on the person to whom it attaches. *Forrester v. White,* 484 U.S. 219, 227 (1988). Consequently, "[i]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved." *Henricksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981). "[A]bsolute judicial immunity has been extended to non-judicial officers where 'their duties had an integral relationship with the judicial process.'" *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Eades v. Sterlinske,* 810 F.2d 723, 726 (7th Cir.1987)).

Defendants Shannon and Espinoza, when assigned to the Court Services Division, were performing duties that had an integral relationship with the judicial process by producing inmates in the courtrooms for appearances. The Court Services sheriffs are responsible for producing in-custody defendants to the courtrooms at the direction of a judge or his staff. (*See* Affidavit of Deputy Sheriff Rachel Espinoza ¶ 3 (doc. # 30-3); Affidavit of Sergeant Byron Shannon ¶ 3 (doc. # 30-2).) The Tenth Circuit has recognized that "[a]bsolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel," and that "[a] lesser degree of immunity

could impair the judicial process." *Valdez v. City and County of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989). Other circuits have similarly recognized the need to extend judicial immunity to officers carrying out directives from a judge, in order to maintain a functioning judicial process. *See, e.g. Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (sheriff acting pursuant to court order to enforce a judgment entitled to absolute immunity); *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980) (sheriff acting pursuant to judge's orders protected from liability by judicial immunity); *Waits v. McGowan*, 516 F.2d 203, 206 (3rd Cir. 1975) (stating that judicial immunity extends to police officers engaged in ministerial functions under the direction of the judge or clerk of the court). All of the above duties, including the production of in-custody defendants in the courts, are essential to the functioning of the judicial process, and are thus cloaked with quasi-judicial immunity.

The Plaintiff seems to allege that Defendants Shannon and Espinoza exercised discretion in carrying out this function, and would have had the independent authority to produce Mr. Mills in the courtroom. (*See* Prisoner's Complaint pp. 4-5 (doc. # 3).) Mr. Mills has not submitted any evidence to support this contention. Defendants Shannon and Espinoza assert that they transport or escort prisoners to the various courtrooms as directed by a judge or members of a judge's staff, and have no authority to unilaterally decide to escort a prisoner to a courtroom. (Affidavit of Deputy Sheriff Rachel Espinoza ¶¶ 3,6 (doc. # 30-3); Affidavit of Sergeant Byron Shannon ¶¶ 3,6 (doc. # 30-2).) The determination of this issue is not material to the outcome of this case because the Tenth Circuit has held that absolute immunity extends to non-judicial officers performing both discretionary judicial acts and ministerial acts at the direction of a judge. *Whitesel*, 222 F.3d at 869. Thus even if Defendants Shannon and Espinoza had exercised discretion in the process of

producing inmates for courtroom appearances, they are protected by absolute quasi-judicial immunity. *See, e.g. Whitesel*, 222 F.3d 861 (pretrial services officers exercising discretion in entering TRO provisions entitled to absolute quasi-judicial immunity). If, alternatively, Defendants Shannon and Espinoza were acting at the direction of the judge, absolute quasi-judicial immunity applies because "[t]o force officials performing ministerial acts intimately related to the judicial process to answer in court every time a litigant believes the judge acted improperly is unacceptable. Officials must not be called upon to answer for the legality of decisions which they are powerless to control." *Valdez*, 878 F.2d at 1289. Defendants Shannon and Espinoza enjoy absolute quasi-judicial immunity for their actions in this context to the extent that the Plaintiff has requested monetary damages.

### IV.    Request for Injunctive Relief

While quasi-judicial immunity extends to "damages for the discharge of certain functions, equitable relief may still be obtained under § 1983." *Henriksen v. Bentley*, 644 F.2d 852, 856 (10th Cir. 1981) (citing *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978)). In addition to his request for monetary relief, Mr. Mills requests injunctive relief, seeking expungement of the Failure to Appear in the Denver state court case 06-cr-4804. (Prisoner's Complaint at 15 (doc. #3).) Mr. Mills has failed to submit evidence that a Failure to Appear appears in his record for that case, that the defendants in the present case are responsible for the entry of a Failure to Appear, or that the present defendants have any authority to expunge a Failure to Appear from a prisoner's record in the court. *See generally* COLO. REV. STAT. §§ 16-4-102, -103, -107 (2007) (describing the court's authority to set and alter bail, and to order the law enforcement agency

having custody of a prisoner to bring him before the court for that purpose).  Mr. Mills has failed to "set forth specific facts showing a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof," relying instead on conclusory assertions in his Complaint and his Response to Defendents [sic] Motion for Summary Judgment.  (*See* docs. #3 and #48).

### V.     Liability of Major Connors under § 1983

"To be liable [under § 1983], a superior must have participated or acquiesced in the constitutional deprivations of which the complaint is made."  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1996) (internal quotations omitted).  Mr. Mills alleges that Major Connors failed to exercise prudence in investigating Mr. Mills' claim made through the inmate grievance process, and consequently failed to correct the alleged constitutional violations which occurred on November 13, 2006.  (Prisoner's Complaint at 6-7 (doc. #3).)  Mr. Mills does not assert that Major Connors participated in any way in the incident at the Denver County Courthouse on November 13, 2006.  (*See id.*)  Major Connors cannot be held liable under § 1983 for alleged constitutional violations in which she did not personally participate.  *See, e.g., Meade v. Grubbs*, 841 F.2d at 1528; *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) ("before a superior may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations of which complaint is made.")

Insofar as Mr. Mills may be asserting that his rights under the Fourteenth Amendment were violated by Major Connors in the grievance procedure, "[w]ith respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one," *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), and "a state created procedural right is not itself

a liberty interest within the meaning of the Fourteenth Amendment," *Shango v. Jurich*, 681 F.2d 1091, 1101 (7th Cir. 1982). "[A prison] grievance procedure . . . . does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Mr. Mills has not asserted an actionable claim under § 1983 as to the Defendant Major Connors.

Because the court finds a sufficient basis to decide the Motions on the first two issues, the court does not reach the issue of exhaustion of the administrative grievance procedures.

For the foregoing reasons, IT IS RECOMMENDED that:

1.     "Defendants' Motion for Summary Judgment" (filed August 7, 2007) (doc. #30) be GRANTED.

2.     Plaintiff's "Motion for Summary Judgment" (filed August 8, 2007) (doc. #32) be DENIED.

3.     Judgment in this civil action be entered in favor of Defendants and against Plaintiff.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 9th day of November, 2007.

By the Court:

   s/Craig B. Shaffer
United States Magistrate Judge