IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00203-WDM-CBS

STEVIE (ARTHUR) MILLS,

    Plaintiff,

v.

MAJOR CONNORS, in her official and individual capacities as a Denver Deputy Sheriff,
SGT. SHANNON, in his official and individual capacities as a Denver Deputy Sheriff,
DEPUTY ESPINOSA, in her official and individual capacities as a Denver Deputy Sheriff,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer (doc no 55) that Defendants' Motion for Summary Judgment (doc no 30) be granted, that Plaintiff's Motion for Summary Judgment (doc no 32) be denied, and that judgment enter in favor of Defendants. Plaintiff filed timely objections to the recommendation and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b).

I have reviewed the pertinent portions of the record, including Plaintiff's complaint, the motions for summary judgment and responses thereto, the recommendation, and Plaintiff's objections. Plaintiff is incarcerated in a state correctional facility. His complaint is based on his allegation that while in custody at the Denver County Jail, he was due to appear on November 13, 2006 at the Denver County Courthouse on another matter. He

was transported to the Courthouse, but alleges that Defendants Espinosa and Shannon, who were assigned to the Court Services Division at the Courthouse, did not provide him access to the court. As a result, he claims that a "Failure to Appear" ("FTA") was entered against him and his bond was forfeited. His claim against Major Shannon is based on Major Shannon's alleged failure to adequately investigate in response to Plaintiff's jail grievance relating to this matter.

Magistrate Judge Shaffer recommends that summary judgment be granted in favor of Sergeant Shannon and Deputy Espinosa on the grounds that they are entitled to absolute immunity and in favor of Major Connors on the grounds that the undisputed facts do not demonstrate a constitutional violation. In his objections, Plaintiff does not address the immunity issue but rather continues to assert that a warrant and FTA were issued, that his bond was forfeited, and a new bond was set at $20,000. He also provides an extended explanation of how the officers could have been confused about whether he was scheduled to appear that day. Plaintiff's argument does nothing to rebut the substantial legal authority demonstrating that Defendants Shannon and Espinosa are entitled to absolute quasi-judicial immunity because they were performing duties integral to the judicial process by producing inmates in the courtrooms for appearances. Whether they erred or the alleged reasons for any mistake is irrelevant in light of this absolute immunity. In addition, to the extent that Plaintiff seeks injunctive relief in the form of an expungement of the FTA and reinstatement of his bond, there is no showing that these defendants have the authority to effect this. Accordingly, I agree with Magistrate Judge Shaffer that summary judgment should enter in favor of Sergeant Shannon and Deputy Espinosa.

Magistrate Judge Shaffer recommends that the claim against Major Connors be dismissed because it is undisputed that Major Connors had no role in the events at the Courthouse. Moreover, to the extent that Plaintiff claims that Major Connors violated Plaintiff's due process rights, Magistrate Judge Shaffer recommends that judgment be entered in Defendant's favor because Plaintiff does not have a liberty interest in the grievance procedure. The evidence indicates that in response to Plaintiff's grievance, Major Connors informed Plaintiff, "The clerk in Ctrm. 16 assures me that Judge Habas is not charging you with FTA. You're set to return to court on Dec. 11." In response to another grievance, Major Connors explained to Plaintiff, "You do not have an FTA, nor was your bond doubled. The original bond amount on 06cr6759 was $25,000 and on 06cr4804 was $20,000." In his objections, Plaintiff asserts that Major Connors erred by using the wrong name and number in checking this information.[1] Plaintiff has offered no evidence to support this assertion, but even if he had, this conduct amounts to no more than negligence, which does not support a constitutional claim. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (negligence in prison grievance procedures does not implicate the due process clause). Moreover, Plaintiff has provided no argument or legal authority to demonstrate that state law has created a particular liberty interest in connection with the grievance procedure that was not satisfied here. *Abbott v. McCotter*,

---

[1]The evidence submitted by Plaintiff in his objections is a printout from Lexis Nexis Courtlink, much of which has been blacked out. It nonetheless indicates that Plaintiff's bond in Case No. 06cr4804 was increased to $20,000 but then adjusted back to $10,000 on January 29, 2007, a few days after Plaintiff filed his complaint in this matter. It also indicates that Plaintiff has appeared several times in that matter and has had ample opportunity to contest the FTA and bond forfeiture to the presiding judge.

3

13 F.3d 1439, 1442 (10th Cir. 1994) (discussing sources of protected liberty interests in the prison context).  I agree with Magistrate Judge Shaffer that Plaintiff cannot demonstrate that Major Connors violated any of Plaintiff's constitutional rights.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer, issued November 9, 2007 (doc no 55), is accepted.

2. Defendants' Motion for Summary Judgment (doc no 30) is granted.

3. Plaintiff's Motion for Summary Judgment (doc no 32) is denied.

4. Judgment shall be entered in favor of all Defendants and against Plaintiff and this case dismissed with prejudice.

DATED at Denver, Colorado, on November 26, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge